IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARL RAGASA and KANANI RAGASA,<br><br>        Plaintiffs,<br><br>    vs.<br><br>COUNTY OF KAUAI, KAUAI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN, SIDNEY KINI and ETHAN SAGE,<br><br>        Defendants. | CIVIL NO. 03-00540<br><br>**DECLARATION OF TERRY CHUNG** |

## DECLARATION OF TERRY CHUNG

I, TERRY CHUNG, hereby declare as follows:

1. I am 50 years old.

2. I was born and raised on Oahu.

3. I have been a big-wave surfer and an accomplished waterman for most of my life.

4. I have known Defendant SIDNEY KINI ("KINI") for a long time, since before the 1970's.

5. I have known Defendant ROBERT KADEN ("KADEN") for a long time, since before the 1990's.

6. I have known Plaintiff CARL RAGASA ("CARL") for a long time, since before the 1990's.

7. Back in 2001, there was a hair cutting salon in Kapaa, Kauai called "Shaka Shears."

8. Shaka Shears was owned by a woman named Judy Darling.

9. Judy Darling's brother, Jamie, worked for Darling as a hair stylist at Shaka Shears.

10. Jamie was a friend of a person named Dana Krimbow.

10. Dana Kimbow was a friend of mine.

11. In or about mid-2001, Dana Crimble told me that Jamie quit working at Shaka Shears because Jamie Darling had recently witnessed KADEN deliver heroin to Judy Darling and Judy Darling pay KADEN for the heroin at Shaka Shears.

12. A short time after Dana Crimble told me about the heroin transaction between KADEN and Judy Darling at Shaka Shears, I relayed that information to CARL.

13. A short time after I told CARL about the heroin transaction between KADEN and Judy Darling at Shaka Shears, I told KADEN that I knew about it and that I had told CARL about it.

14. In or about January 2002, KADEN called me on the telephone. KADEN asked me to tell CARL to stop spreading rumors that KADEN was a heroin dealer. I told KADEN that I heard he was a heroin dealer and that I was the last person that he should call to ask CARL to stop saying it to others in light of the fact that I was the one that told CARL that KADEN was a heroin dealer in the first place.

15. On November 26, 2005, I reviewed a three-page document bearing Bates Stamp numbers 00571, 00572 and 00573 and designated as Exhibit "4" attached to a court document filed in the above-referenced case called "DEFENDANTS COUNTY OF KAUAI, KAUAI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN AND SIDNEY KINI'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II OF PLAINTIFFS CARL RAGASA AND KANANI RAGASA'S COMPLAINT FILED ON OCTOBER

3

3, 2003 (VIOLATION OF 42 U.S.C. §1983, CIVIL RIGHTS VIOLATION)."

16. Exhibit "4" was written by KINI.

17. Exhibit "4" states, in pertinent part, that:

"21 March 02, 0815 hours, Salt Pond End of Burns Field Runway

A call from Ragasa was received on WSO II Vierra's cell phone. Vierra handed me the phone. Ragasa said, 'Don't come to Tower I, hold your class at the Hanalei Pier or else I am going to pound Ethan Sage and you are going to be responsible.'

I told Ragasa that I would deal with this tomorrow. I notified BC Kaden, who was at the training site at the time, of the situation. The BC asked if his presence was needed or requested the next day at Hanalei.

Ragasa's history with Kaden indicated that by coming to Tower 1 the situation could easily have escalated out of control."

18. KINI makes false statements in Exhibit "4". I know because CARL made the 8:15 a.m. phone call of March 21, 2002 that KINI makes reference to in Exhibit "4" from my phone at my house. I was standing right next to CARL the whole time and I heard every single

4

word that CARL said to KINI during that phone conversation.

19. At no time during that March 21, 2002 telephone conversation did CARL ever say to KINI, **'Don't come to Tower I, hold your class at the Hanalei Pier or else I am going to pound Ethan Sage and you are going to be responsible'** or anything even remotely like that. The only thing that CARL said to KINI were that CARL asked KINI not to hold the open ocean training at Tower 1, and CARL did so in an adamant but polite and courteous tone of voice and manner.

20. Right after CARL hung up the phone from talking to KINI, I asked CARL what KINI had said to him about CARL's request that KINI not hold the open ocean training at Tower 1 and CARL replied that KINI said, "I'll think about it."

21. In all the time that I have known CARL, I have never had one person ever complain to me that CARL has been violent toward them or threatened them with violence in any way, shape or form.

22. In all the time that I have known CARL, I have never seen or heard CARL behave in a violent manner toward anyone or threaten anyone with violence in any way, shape or form.

23. CARL is an accomplished martial artist.

24. Outside of participating in formal martial arts competition, CARL has never had a reputation for committing violence toward others or threatening others with violence.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Executed this 24 day of November, 2005 at Kapaa, Kauai, Hawaii.

_____
TERRY CHUNG

---

**DECLARATION OF TERRY CHUNG**; <u>Carl Ragasa and Kanani Ragasa v. County of Kauai, et. al,</u> In the United States District Court for the District of Hawaii, Civil No. CV 03-00162 (BMK).

---