# ORIGINAL

DONNA E. RICHARDS, #7625
MARK R. ZENGER, #3511
RICHARDS & ZENGER
Attorneys at Law, A Law Corporation
3016 Umi Street, Suites 204 and 212
Lihue, Hawaii 96766
Telephone: (808) 632-0723
Facsimile: (808) 632-0724

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 7 2006 *(ay)*

at _10_ o'clock and _10_ min _P_ M
SUE BEITIA, CLERK

Attorneys for Plaintiffs
CARL RAGASA and KANANI RAGASA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARL RAGASA and KANANI RAGASA,<br><br>        Plaintiffs,<br><br>    vs.<br><br>COUNTY OF KAUAI, KAUAI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN, SIDNEY KINI and ETHAN SAGE,<br><br>        Defendants. | ) CIVIL NO. 03-00540 BMK<br>)<br>)<br>) **PLAINTIFFS CARL RAGASA and**<br>) **KANANI RAGASA'S CONCISE**<br>) **STATEMENT OF FACTS IN SUPPORT**<br>) **OF THEIR MEMORANDUM IN**<br>) **OPPOSITION TO DEFENDANTS**<br>) **COUNTY OF KAUAI, KAUAI FIRE**<br>) **DEPARTMENT, DAVID SPROAT,**<br>) **ROBERT KADEN AND SIDNEY KINI'S**<br>) **MOTION FOR SUMMARY**<br>) **JUDGMENT ON COUNTS I - IX OF**<br>) **PLAINTIFFS CARL RAGASA and**<br>) **KANANI RAGASA'S COMPLAINT**<br>) **FILED ON OCTOBER 3, 2003;**<br>) **DECLARATION OF COUNSEL;**<br>) **CERTIFICATE OF SERVICE**<br>)<br>) **HEARING**<br>) **DATE: JANUARY 24, 2006**<br>) **TIME: 10:00 A.M.**<br>) **JUDGE: BARRY M. KURREN**<br>) **TRIAL DATE: April 18, 2006** |

# SCANNED

**PLAINTIFFS CARL RAGASA and KANANI RAGASA'S
SEPARATE AND CONCISE STATEMENT OF FACTS IN
OPPOSITION TO DEFENDANTS COUNTY OF KAUAI, KAUAI FIRE
DEPARTMENT, DAVID SPROAT, ROBERT KADEN AND
SIDNEY KINI'S MOTION FOR SUMMARY JUDGMENT ON
COUNTS I - IX OF PLAINTIFFS CARL RAGASA and
KANANI RAGASA'S COMPLAINT FILED ON OCTOBER 3, 2003**

Pursuant to Rule LR 56.1 of the Local Rules of Practice for the United

States District Court, District of Hawaii, Plaintiffs CARL RAGASA (hereinafter

"CARL") and KANANI RAGASA (hereinafter "KANANI") (collectively referred

to as the "RAGASAS") hereby submit their separate concise statement of material

facts in opposition to Defendants County of Kauai (hereinafter "County"), Kauai

Fire Department (hereinafter "KFD"), David Sproat (hereinafter "SPROAT"),

Robert Kaden (hereinafter "KADEN"), and Sidney Kini's (hereinafter "KINI")

Motion for Summary Judgment on Counts I-IX of Plaintiffs Carl Ragasa and

Kanani Ragasa's Complaint filed on October 3, 2003.

Facts 1 - 30 correspond to the facts and supporting evidence presented in

County, KFD, CHIEF SPROAT, KADEN and KINI'S three separate Concise

Statements of Facts filed 09/07/05. Where appropriate, the RAGASAS have

indicated that the facts relied upon by County, KFD, SPROAT, KADEN, and

KINI are controverted, states the factual bases for such controversion and cites to

the appropriate evidentiary support for same. These are followed by additional

2

material facts and supporting evidence that the RAGASAS introduce to

demonstrate the existence of the many genuine issues of material fact.

### PLAINTIFFS CARL AND KANANI'S RESPONSE TO COUNTY, KFD, CHIEF SPROAT, KADEN, AND KINI'S STATEMENT OF FACTS

|  | FACTS | RESPONSE & SUPPORT |
|---|---|---|
| 1. | On March 20, 2002, Carl made a threat against Sage. | Disputed. (Ragasa Dec. at ¶ 79-86, Hurd Dec. at ¶ 5 - 12 and McKamey Dec. at  ¶ 3-13). |
| 2. | On March 20, 2002, Carl told Kini that if Kini brought Sage back to Tower 1 area for training, Carl would "break his arm." | Disputed. (Ragasa Dec. at ¶ 79-86, Hurd Dec. at ¶ 5 - 12 and McKamey Dec. at  ¶ 3-13). |
| 3. | On March 21, 2002, Carl warned Kini not to bring the training class (and Sage) to Tower 1 for training | Disputed. (Ragasa Dec. at ¶ 90-91and Chung Dec. at ¶ 15 - 20) |
| 4. | On March 22, 2002, a confrontation occurred involving Carl, Kini and Sage | Disputed. (Ragasa Dec. at ¶ 93-99, Hurd Dec. at ¶ 13-21). |
| 5. | Kini observed Carl move towards Sage and yell, "get the F___ out of here." | Disputed. (Ragasa Dec. at ¶ 93-99, Hurd Dec. at ¶ 13-21). |
| 6. | Carl swore at Sage and challenged him. | Disputed. (Ragasa Dec. at ¶ 93-99, Hurd Dec. at ¶ 13-21). |
| 7. | Carl raised his voice at Kini and yelled "let's go," (which Kini took to mean a challenge to fight) and to "call the cops." | Disputed. (Ragasa Dec. at ¶ 93-99, Hurd Dec. at ¶ 13-21). |

| 8. | On March 23, 2002, Kini wrote a report at the request of his supervisor, BC Kaden, to document the events which transpired. | Partially disputed as Kini was ordered to write a false document of the events. (Ragasa Dec. at ¶ 79-86, 90-91, 93-99, Hurd Dec. at ¶ 5 - 21, McKamey Dec. at ¶ 3-13, and Chung Dec. at ¶ 15 - 20) |
|---|---|---|
| 9. | After Kaden received the contemporaneous oral and written report from Kini documenting the incident, he discussed the matter with a Kauai Police Department ("KPD") officer who advised Kaden this was a matter which should be reported to the police. | Plaintiffs have no information to either admit or dispute. |
| 10. | On March 27, 2005, Kini went down to the police station, provided a copy of his work place report and gave a statement to the police concerning Carl's threatening behavior. | Partially disputed as Carl denies threatening behavior. |
| 11. | On March 27, 2005, Sage made a report to the police concerning Carl's threatening behavior. | Partially disputed as Ragasa denies threatening behavior. |
| 12. | Sage and Kini felt threatened by Carl's actions. | Disputed. (Ragasa Dec. at ¶ 79-86, 90-91, 93-99, Hurd Dec. at ¶ 5 - 21, McKamey Dec. at ¶ 3-13, and Chung Dec. at ¶ 15 - 20) |
| 13. | KPD conducted an independent investigation of the incident. | Admit |
| 14. | Witness accounts confirm that there was a confrontation between Sage and Carl in which Kini intervened. | Disputed. (Ragasa Dec. at ¶ 79-86, 90-91, 93-99, Hurd Dec. at ¶ 5 - 21, McKamey Dec. at ¶ 3-13, and Chung Dec. at ¶ 15 - 20) |

4

| 15. | The prosecutor found probable cause to go forward with a criminal complaint against Carl, which was issued on October 7, 2002. | Partially disputed. Sage and Kini provided false statements to KPD. (Ex. E, F, G, & H to Zenger Dec.) |
|---|---|---|
| 16. | Sage was pressured by Carl and his cronies to recant his statements to the police. | Disputed. (Ragasa Dec. ¶ 116, 117) |
| 17. | Sage's statements under oath verify Employee Defendants did not coerce Sage into making a false police report, nor did they threaten his job security if he did not make a report. | Disputed. (Hunter Dec. ¶ 9, 10, Ex. E, F, G, &H to Zenger Dec., Ragasa Dec. ¶ 110-114) |
| 18. | On October 22, 2002, in response to Carl's father-in-law, police detective Rivera's inquiry as to why the case against Carl was continuing, Kauai Prosecutor Melvin Soong ("Soong") notifies Rivera that the case will be dismissed. | Partially disputed. Detective Rivera asked "if" the case against Carl was continuing not "why". |
| 19. | On October 3, 2003, Plaintiffs sue Defendants claiming that Defendants conspired to have Carl arrested in violation of 42 U.S.C. § 1983 and Carl's civil rights. | Admit |
| 20. | On October 3, 2003, Plaintiffs file suit claiming that Defendants conspired to have Carl arrested. | Admit |

| 21. | Plaintiffs have failed to allege any policy, ordinance, regulation or decision that was officially adopted, enacted or promulgated by the County of Kauai that caused injury to them. | Disputed. (Ex. A to Zenger Dec.) |
|---|---|---|
| 22. | The KFD is a subdivision of the County of Kauai and is not an independent legal entity. | Admit. |
| 23. | Carl has no basis to allege County Defendants formed the belief that Carl was going to disclose information about alleged wrongful activities. | Disputed. (Ragasa Dec. ¶ 20, Chung Dec. ¶ 6-14, Ex. A to Zenger Dec.) |
| 24. | Carl's information concerning Sproat's, Kaden's and Kini's alleged wrongdoing was based on the things which he heard from others, but of which he had no direct personal knowledge. | Partially disputed. Carl witnessed Sid Kini make a false police report. (Ragasa Dec. at ¶ 79-86, 90-91, 93-99, Hurd Dec. at ¶ 5 - 21, McKamey Dec. at ¶ 3-13, and Chung Dec. at ¶ 15 - 20) |
| 25. | Carl had no basis for asserting the County received any information about the alleged wrongdoing of Employee Defendants. | Disputed. Other WSO Supervisors informed the County of employee defendants wrongdoing. (Hookano Dec. at ¶ 57-56, Emura Dec. at ¶ 24-38, and Ragasa Dec. 46-51) |
| 26. | Carl never told anyone that he was going to report these alleged acts of wrongdoing to the authorities. | Disputed. (Ex. A to Zenger Dec.) |

| 27. | Carl's claims of retaliation have no basis since he received *no* reprimands for WSB violations, the one reprimand issued against him was voluntarily withdrawn, and because he did not conduct any training sessions which he claimed County Defendants interfered with. | Disputed. Carl was arrested as a major form of retaliation (Ragasa Dec. at ¶ 79-86, 90-91, 93-99, 102-104, 131-136, Hurd Dec. at ¶ 5 - 21, McKamey Dec. at ¶ 3-13, and Chung Dec. at ¶ 15 - 20) |
|---|---|---|
| 28. | Carl has no evidence that his reputation has been damaged. | Disputed. Kauai is a small community and the arrest will remain on his record. |
| 29. | There is no evidence that the County Defendants conspired to engineer Carl's termination. | Disputed. (Ragasa Dec. at ¶ 9-138) |
| 30. | Carl was never terminated from his position as a water safety officer. | Admit. |
| 31. | Carl suffered no adverse employment action. | Disputed. (Ragasa Dec. at ¶ 9-138) |
| 32. | Plaintiffs have no evidence that Carl's reputation has been damaged as a result of his arrest. | Disputed. Kauai is a small community and the arrest will remain on his record. |
| 33. | There is no evidence about what, when and how the County should have known about the Employee Defendants' alleged wrongful conduct. | Disputed. Other WSO Supervisors informed the County of employee defendants wrongdoing. (Hookano Dec. at ¶ 57-56, Emura Dec. at ¶ 24-38, and Ragasa Dec. 46-51) |

Plaintiffs also contend that the following additional material facts are relevant or in dispute.

7

**PLAINTIFF'S STATEMENT OF FACTS IN OPPOSITION**

|     | FACTS | EVIDENTIARY SUPPORT |
| --- | --- | --- |
| 1. | Carl confronted Kaden in February 2001 about endangering public safety. | Ragasa Dec. 12- 13 |
| 2. | CARL learned the KADEN was also trafficking in heroin. | Ragasa Dec. 14 - 21; Chung  Dec. 7 -14 |
| 3. | In early 2001, KADEN repeatedly stated at the workplace, "F——— CARL!  I'm going to get him fired!" | Hunter Dec. 7 -9 |
| 4. | In early 2001, KADEN devised a scheme whereby he was going to write a phony reprimand letter to CARL in and hand deliver it to him while wearing a wire to try and make CARL angry enough to commit a crime against KADEN | Hunter Dec. 7 -9 |
| 5. | In the Spring of 2001, KADEN and SPROAT devised a scheme whereby they would fire CARL and replace him with experienced waterman Bruce Stine at Tower 1. | Stine Dec. 4-22. |
| 6. | In June 2001, CARL learned from WSO Supervisor Nathan Hookano and Myles Emura that SPROAT and KADEN were going to further endanger the public and the WSOs by assigning KINI to take over command, control and all training in the Water Safety Program. | Ragasa Dec, 24-30 |
|     |     |     |

| 7. | CARL and WSO Supervisors Hookano and Emura joined forces to stop SPROAT and KADEN from appointing KINI as the head of Water Safety Program. | Ragasa Dec. 24-30; Hookano Dec. 16 -30; Exhibit "A" |
|---|---|---|
| 8 | KINI was neither certified nor qualified by the USLA for training, open ocean lifesaving. | Ragasa Dec. 24-30; Hookano Dec. 16 -30; Exhibit "A" |
| 9. | In or about 1990 KADEN, "pulled strings" to get KINI hired at KFD | Hookano Dec 6-15. |
| 10. | During the summer of 2001 KADEN often told SPROAT and WSO Supervisors Hookano and Emura that he was having problems with CARL and that he really wanted to fire him. | Hookano Dec. 45-56, Emura Dec. 15-18; Exhibits "C" and "D" |
| 11. | During the summer of 2001, KADEN went to Tower 1 while CARL was working to deliver a meritless letter to him that falsely alleged that CARL violated Water Safety Program standard operating procedures. | Ragasa Dec 38-41 |
| 12. | When CARL refused to take the mertiless reprimand letter from KADEN, tried to induce CARL to hit him. | Ragasa Dec 38-41 |
| 13. | During the summer of 2001, KADEN attempted many times find cause to reprimand CARL many times. | Hookano  Dec. 33-35; Exhibits "C" and "D" |

| 14. | In 2001, WSO Supervisors Hookano and Emura uncovered and revealed information about SPROAT, KADEN and KINI having engaged in a variety of criminal activities. | Hookano Dec. 57- 66, Emura Declaration 24-38) |
| --- | --- | --- |
| 15. | In 2001 and early 2002, WSO Supervisors Hookano told Mayor of Kauai, the Kauai County Council and the rest the KFD supervisory structure that SPROAT, KADEN and KINI having engaged in a variety of criminal activities. | Hookano Dec. 57- 66, Emura Declaration 24-38) |
| 16. | SPROAT improperly initiated an internal investigation of WSO Supervisors Hookano and Emura on late December 2001 . | Exhibit "B" |
| 17. | By December 2001, CARL had long been closely aligned with WSO Supervisor Hookano and WSO Supervisor Emura | Ragasa Dec. 56;  Emura Dec. 52-56). |
| 18. | In 2001 and 2002 KINI could not train WSOs in open water lifesaving procedures because he was not licensed and not qualified to do so. | Ragasa Dec 75-78; Exhibit "A" |
| 19. | SPROAT, KADEN and KINI recruited SAGE to instigate a fight with CARL at the work place. | Ragasa Dec. 63-113; Exhibits E, F, G, H, Exhibit 4 |
| 20. | By 2001, KADEN and SAGE had been friends for a long time. | Wolcott Dec. 22-28. |

| 21. | By 2001, SAGE and KADEN had been dealing illegal drugs together for a long time. | Wolcott Dec. 22-28. |
|---|---|---|
| 22. | If SAGE did not help SPROAT, KADEN and KINI to get CARL fired, then SAGE would be fired. | Ragasa Dec 110-114; Exhibits E, F, G, and H |
| 23. | CARL did not threaten SAGE in any way on March 20, 2002 | Ragasa Dec 79-86; Hurd Dec. 5-12; McKamey Dec 3-13. |
| 24. | CARL did not threaten SAGE in any way on March 21, 2002 | Ragasa Dec 90-91; Chung Dec 15-20 |
| 25. | CARL did not threaten SAGE in any way on March 22, 2002 | Ragasa Declaration 93-101; Hurd Dec 13-22; |
| 26. | CARL did not threaten KINI in any way on March 22, 2002 | Ragasa Declaration 93-101; Hurd Dec 13-22; |
| 27. | On March 27, 2002 KADEN ordered SAGE to make false statements to KPD about what had happened at Tower 1 on March 20 and March 22, 2002 | Ragasa Dec. 110-114; Hunter Dec. 9-10; Exhibits E, F, G and H |
| 28. | SPROAT knew that KADEN ordered SAGE to make false statements to KPD about what had happened at Tower 1 on March 20 and March 22, 2002 | Ragasa Dec. 110-114; Hunter Dec. 9-10; Exhibits E, F, G and H |
| 29. | SAGE made false statements to KPD about what had happened at Tower 1 on March 20 and March 22, 2002 | Ragasa Dec. 110-114; Hunter Dec. 9-10; Exhibits E, F, G and H |

| 30. | KINI made false statements to KPD about what had happened at Tower 1 on March 20 and March 22, 2002 and on the telephone with CARL on March 21, 2002 | Ragasa Dec. 110-114; Hunter Dec. 9-10; Exhibits E, F, G and H Chung Dec 15-20 |
|---|---|---|
| 31. | In late March 2005, KFD Chief Westerman falsely accused CARL defrauding his time records at work. | Ragasa Dec. 131-137 |
| 32. | In late March 2005, KFD Chief Westerman threatened CARL with criminal prosecution. | Ragasa Dec. 131-137 |
| 33. | KFD Chief Westerman's charges of theft against CARL were unfounded. | Ragasa Dec. 131-137 |
| 34. | By June 2005 KFD Chief Westerman had completely exonerated CARL of any wrongdoing. | Ragasa Dec. 131-137 |
| 35. | CARL has never been an alcoholic | Ragasa Dec. 131-137 |
| 36. | CARL has never been a substance abuser | Ragasa Dec. 131-137 |

DATED:    Lihue, Kauai, Hawaii, January 06, 2006.


MARK R. ZENGER
Attorney for Plaintiffs
CARL RAGASA and KANANI RAGASA