GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP
CORLIS J. CHANG                3539-0
  CCHANG@GOODSILL.COM
BARBARA A. PETRUS              3238-0
  BPETRUS@GOODSILL.COM
EDMUND K. SAFFERY              5860-0
  ESAFFERY@GOODSILL.COM
KIMBERLY J. KOIDE              8256-0
  KKOIDE@GOODSILL.COM
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendants
COUNTY OF KAUA'I, KAUA'I FIRE
DEPARTMENT, DAVID SPROAT, ROBERT
KADEN AND SIDNEY KINI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARL RAGASA AND KANANI RAGASA,<br><br>       Plaintiffs,<br><br>  vs.<br><br>COUNTY OF KAUAI, KAUAI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN, SIDNEY KINI, AND ETHAN SAGE,<br><br>       Defendants. | CV. NO. 03-00540 BMK<br><br>DEFENDANTS COUNTY OF KAUA'I, KAUA'I FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN AND SIDNEY KINI'S **REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON COUNTS III - VI** OF PLAINTIFFS CARL RAGASA AND KANANI RAGASA'S COMPLAINT FILED ON OCTOBER 3, 2003 (**CONSPIRACY, RESPONDEAT SUPERIOR, INTENTIONAL INFLICTION OF EMOTIONAL** |

**DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**), FILED 9/2/05; CERTIFICATE OF SERVICE

**HEARING:** January 24, 2006
**TIME:** 10:00 a.m.
**HON. BARRY M. KURREN**

**TRIAL DATE:** April 18, 2006

DEFENDANTS COUNTY OF KAUAʻI, KAUAʻI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN AND SIDNEY KINI'S **REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON COUNTS III - VI** OF PLAINTIFFS CARL RAGASA AND KANANI RAGASA'S COMPLAINT FILED ON OCTOBER 3, 2003 (**CONSPIRACY, RESPONDEAT SUPERIOR, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**), FILED 9/2/05

DEFENDANTS COUNTY OF KAUAʻI ("County"), KAUAʻI FIRE DEPARTMENT ("KFD"), DAVID SPROAT ("Sproat"), ROBERT KADEN ("Kaden") and SIDNEY KINI ("Kini") (Sproat, Kaden and Kini collectively referred to as "Employee Defendants") (County, KFD and Employee Defendants collectively referred to herein as "County Defendants") by and through their counsel, Goodsill Anderson Quinn & Stifel, a Limited Liability Law Partnership LLP, hereby submits their Reply Memorandum in Support of County Defendants' Motion for Summary Judgment on Counts III-VI of Plaintiffs Carl Ragasa and Kanani Ragasa's Complaint Filed on October 3, 2003 (Conspiracy, Respondeat Superior, Intentional Infliction of Emotional Distress, Negligent Infliction of

2

Emotional Distress) filed herein on September 2, 2005.  (Motion hereafter referred to as "Conspiracy Claims Motion").

    DATED: Honolulu, Hawai'i, January 13, 2006.

        /s/ Corlis J. Chang
        CORLIS J. CHANG
        BARBARA A. PETRUS
        EDMUND K. SAFFERY
        KIMBERLY J. KOIDE
        *Attorneys for Defendants* COUNTY OF KAUA'I, KAUA'I FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN AND SIDNEY KINI

## MEMORANDUM

### I. INTRODUCTION

In response to the Conspiracy Claims Motion, Plaintiffs filed a Memorandum in Opposition and separate Concise Statement of Facts that relied upon inadmissible Declarations and conclusory arguments. Because Plaintiffs have failed to adduce any evidence showing that there are genuine issues of material fact as to the claims of Conspiracy, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Respondeat Superior and Punitive Damages, County Defendants are entitled to summary judgment on these claims.

### II. BACKGROUND

Plaintiffs have alleged that Carl Ragasa was arrested as a retaliatory measure by the County Defendants so that he would not disclose illegal acts allegedly committed by Employee Defendants to the authorities. According to Plaintiffs, the fear of disclosure caused them to engage in a conspiracy to have him arrested. *See* Memorandum in Support of Conspiracy Claims Motion, pp. 3-4.[1]

As pointed out in County Defendants' Memorandum, Ragasa has no factual basis to support his allegations that his arrest was engineered as a retaliatory measure due to fear of disclosure. (Ex. 3 to Conspiracy Claims Motion,

---

[1] Rather than unduly repeat the allegations here, Defendants respectfully refer this Court back to its Conspiracy Claims Motion.

1110775.1

Ragasa Depo., Vol. I, 183:1-185:17; 186:2-187:4, 16-20.)[2]

Plaintiffs' burden herein was to present competent, admissible evidence which would establish a material issue of fact as to the existence of a conspiracy and the ratification by County Defendants and KFD Defendants of that conspiracy, as well as for the Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress and Punitive Damages claims. The Opposition offers none. Instead, Plaintiffs have submitted Declarations of individuals whose "testimony" consists primarily of hearsay statements and unsubstantiated conclusory opinions. More importantly, they are inadmissible as they do not meet the mandatory requirements of Federal Rule of Civil Procedure 56(e) which requires that:

> Supporting and opposing affidavits ***shall be made on personal knowledge, shall*** *set forth such facts that would be admissible in evidence, and* ***shall*** *show affirmatively that the affiant is competent to testify to the matters stated therein.* (Emphasis added).

Without competent evidence to support their allegations, Plaintiffs' claims fail.

### III. ARGUMENT

    **A.  Plaintiffs Offered No Competent Evidence In Opposition To County Defendants' Motion.**

---

[2] Ragasa was questioned in detail about each of the allegations set forth against the Employee Defendants (Complaint ¶¶17-19) which he claims the County and KFD should have known and done something about (Complaint ¶¶37-39.) Rather than repeat the factual recitations and citations, County Defendants respectfully refer the Court to pp. 10-14 of the Conspiracy Claims Memorandum.

2

### 1. Plaintiffs' Declarations do not meet the Mandatory Requirements of Federal Rule of Civil Procedure 56(e).

Every single declaration submitted by Plaintiffs' selected declarants states, "I declare under penalty of perjury that the foregoing is true and correct ***to the best of my knowledge and belief***." *See* Declarations in Opposition. (Emphasis added). Plaintiffs' declarations do not comply with Rule 56(e) as the statements contained therein are not based on personal knowledge, but on "belief." This is not a mere technicality.

In interpreting Fed. R. Civ. Proc. 56(e), the U. S. Supreme Court has held that affidavits ***must*** be based on personal knowledge, devoid of hearsay, conclusory language and statements which purport to examine thoughts as well as actions. *Automatic Radio Mfg. Co. v. Hazeltine Research Inc.*, 339 U.S. 827, 831 (1950) (wherein the Court disregarded the averment in plaintiff's opposition where the affidavit was made upon "information and belief"); *see Carey v. Beans*, 500 F. Supp. 580 (E.D. Penn. 1980) (paragraphs stricken where they contained statements not based on personal knowledge); *see also Searer v. West Mich. Telecasters, Inc.*, 381 F. Supp. 634 (W.D. Mich. 1974) (summary judgment granted where plaintiff's affidavits were made "on information and belief").

The Ninth Circuit has affirmed that statements made "upon information and belief" or those made upon an "understanding" are properly subject to a motion to strike and are insufficient to create a genuine issue of fact for

3

summary judgment purposes.  *Cermetke, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir. 1978).

In *Cermetek*, the Ninth Circuit Court of Appeals affirmed the district court's grant of summary judgment holding that the plaintiff introduced no admissible evidence to defeat the defendant's motion since the affidavit plaintiff relied upon contained statements prefaced with "I understand" and "I believe."  *Id.* at 573 F.2d at 1376.

Likewise, in the *Searer* case, the court recognized that statements contained in plaintiff's affidavit made "on information and belief" comprised nearly all of the crucial points made by the plaintiff in opposing defendant's motion, and therefore such statements were not competent to discharge plaintiff's burden imposed by Rule 56(e).  Consequently, the Court granted the defense motion for summary judgment.  *Searer* at 381 F. Supp. at 643.

Because all of Plaintiffs' Declarations are made upon "belief," and not personal knowledge, pursuant to the foregoing authorities, they must be stricken in their entirety.  County Defendants hereby request that this Court strike these Declarations.

> **2.     The Declarations, Which Present Inadmissible Hearsay Or Conclusory Allegations Cannot Defeat County Defendants' Motion.**

Even if this Court were to consider these defective Declarations, the

4

substance of the Declarations themselves demonstrate their inherent unreliability. The majority of the statements set forth in the Declarations of Norman Hunter, Gerald Hurd, Myles Emura, Terry Chung, Nathan Hookano, Bruce Stine, Clayton Wolcott and Carl Ragasa[3] as they relate to their interpretation of the actions of individual Employee Defendants as to their motivations for their alleged actions in retaliating against Carl Ragasa are speculation and nothing more. Affidavits speculating as to motivations but containing no factual support do not conform to the rule. *Gatling v. Atlantic Richfield Co.*, 577 F.2d 185, 188 (2nd Cir. 1978).

      Moreover, Rule 56(e) requires that the information contained in the declarations be <u>admissible</u> at trial and that the declarant is <u>competent</u> to testify to those facts. With respect to the allegations that the Employee Defendants conspired to engineer Ragasa's arrest, Plaintiffs submitted the Declarations of Norman Hunter, Myles Emura, Terry Chung, Nathan Hookano, Bruce Stine, Clayton Wolcott and Carl Ragasa. Each of these declarations contains inadmissible hearsay and conclusory allegations which render them meaningless. For ease of reference, County Defendants have prepared a summary chart of Plaintiffs' alleged facts relating to their conspiracy claim, and the reasons why they are inadmissible.

---

[3] County Defendants refer only to those Declarations relevant to the Conspiracy Claims Motion.

5

| Opp. Page | Factual Allegations | Declarant | Reason for Inadmissisbilty |
|---|---|---|---|
| 2, ¶3 | "KADEN, started endangering lives…KADEN issued negligent orders" | Ragasa ¶12 | Conclusory opinion; no showing witness competent to so state. |
| 3, ¶1 | KADEN trafficking in heroin | Ragasa ¶¶14-21; Chung ¶¶ 7-14 | Hearsay; speculation. |
| 3, ¶2 | "KADEN retailiated…" statements at workplace re: firing Carl; KADEN schemed to write phony reprimand" | Hunter ¶¶ 7-9 | Hearsay. |
| 3, ¶2 | "KADEN's plan …anger Carl…induce assault, so he could have him arrested and fired." | Hunter ¶¶7-9 | Conclusory opinion; speculation; no showing witness competent to so state; no personal knowledge. |
| 3, ¶3 | "KADEN and SPROAT devised a scheme…fire CARL and replace…with Bruce Stine." | Stine ¶¶4-22 | Hearsay; conclusory opinion. |
| 3, ¶4 | "CARL learned …SPROAT and KADEN were going to further endanger the public" | Ragasa ¶¶24-30 | Conclusory opinion; no showing witness competent to so state. |
| 4, ¶1 | "KINI was neither certified nor qualified by USLA" | Ragasa ¶¶24-30; Hookano ¶¶ 16-30 | Conclusory opinion; no showing witness competent to so state. |
| 4, ¶2 | Entire paragraph re: KINI and KADEN | Hookano ¶¶6-15 | Conclusory opinion; no showing witness competent to so state; no personal knowledge. |

6

| Opp. Page | Factual Allegations | Declarant | Reason for Inadmissibilty |
|---|---|---|---|
| 4-5 | "KADEN often told Sproat…problems with CARL…wanted to fire him" | Hookano ¶¶45-56; Emura ¶¶15-18; Exh. C and D | Hearsay; Exh. C and D are unauthenticated documents and contain hearsay statements[4]. |
| 5, ¶1 | "KADEN…tried to induce CARL to hit him." "CARL knew what KADEN's true agenda was…" | Ragasa ¶¶ 38-41 | Conclusory opinions; speculation. |
| 5, ¶1 | "KADEN…attempted…to reprimand CARL" "KADEN *falsely* claimed…" | Hookano ¶¶33-35 | Conclusory opinion; no showing witness competent to so state; hearsay. |
| 5, ¶1 | "CARL…was not doing anything wrong" | Ragasa ¶¶6-33 | Conclusory opinion; self-serving; no showing witness competent to so state. |
| 6, ¶1 | "Hookano and Emura uncovered… information about SPROAT, KADEN and KINI…criminal activities…" | Hookano ¶¶ 57-66; Emura ¶¶ 66 | Conclusory opinions; no showing witnesses competent to state acts were criminal; no indicia of reliability concerning their "investigation" |

---

[4] The Ninth Circuit Court of Appeals has expressly held that authentication of evidence is necessary before such evidence will be considered in ruling on a motion for summary judgment. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citations, internal quotations, footnotes omitted). Plaintiffs have failed to authenticate Exhibits C and D, the Water Safety Bureau Meeting minutes. Particularly because the documents are replete with written comments by unidentified persons and no attestation has been provided as to the source of these documents, they must be stricken.

| Opp. Page | Factual Allegations | Declarant | Reason for Inadmissibilty |
|---|---|---|---|
| 6, ¶2 | "In order to retaliate against…Hookano and Emura…SPROAT initialized…" | Hookano ¶69; Emura ¶36 | Conclusory opinions; speculation. |
| 6, ¶3 | "CARL…believed SPROAT and KADEN would come after him next" | Ragasa ¶56 | Speculation; Conclusory opinion. |
| 7, ¶1 | KINI not certified or qualified to train. | Ragasa ¶¶75-78 | Conclusory opinions; no factual basis; no showing witness competent to so state. |
| 7, ¶2 | "SPROAT, KADEN and KINI together devised…scheme to terminate CARL… recruited SAGE to instigate a fight with CARL." | Ragasa ¶¶63-113 | Conclusory opinions; no factual basis; no showing witness competent to so state. |
| 7, ¶3 | History between KADEN and SAGE. | Wolcott ¶¶22-28 | Hearsay; speculation; conclusory opinions; no factual basis. |
| 8, ¶1 | "SPROAT, KADEN had…been exerting pressure on SAGE for a long time…to help them get CARL fired…" | Ragasa ¶¶110-114 | Hearsay; conclusory opinions; speculation. |
| 8, ¶1 | "SPROAT and KADEN made it clear …SAGE would himself be fired" | Ragasa ¶¶110-114 | Hearsay; contradicts Ragasa deposition testimony, Vol. III, 543:11-20; 543-552 contains no testimony re: Sage being fired. |

    **3.    Plaintiff Ragasa cannot Create a Dispute of Fact with his own Declaration.**

Ragasa's Declaration, in particular, is also deficient insofar as he attempts to create issues of fact in conflict with his prior testimony. Carl Ragasa

8

was deposed for four days[5] and questioned exhaustively on each and every claim made in his Complaint. Despite this fact, Plaintiffs have failed to refer to his deposition testimony, or indeed that of any of the other party deponents, opting instead to submit a 44-page, self-serving Declaration, consisting of 138 paragraphs offering hearsay, speculation, conclusory statements, unsupported allegations and opinions, none of which meets the requirements of Rule 56(e).

The Court should also disregard Ragasa's Declaration insofar that it contradicts his prior deposition testimony in material ways (*see* Chart at p. 8, final entry, *supra*). The law is clear that a non-moving party may not create an issue of fact for summary judgment purposes by means of an affidavit contradicting that party's prior deposition testimony. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1138 n.6 (9th Cir. 2000), citing *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

**B.    Plaintiffs' Conspiracy, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Respondeat Superior and Punitive Damages Causes of Action Fail.**

**1.    Plaintiffs' Conspiracy Cause of Action Fails.**

Plaintiffs utterly failed to establish their conspiracy cause of action. As an initial matter, no where in Plaintiffs' Opposition Memorandum do Plaintiffs ever explain or specifically allege how they have met their burden of establishing

---

[5] By agreement of the parties, Carl Ragasa was deposed beyond the 7 hour limit in order to ascertain his full testimony as to his numerous allegations.

that Employee Defendants conspired against Plaintiff Ragasa.  Instead, Plaintiffs direct the Court to review a series of exhibits and voluminous declarations, and in effect, request that the Court formulate their arguments in opposition to County Defendants' Conspiracy Claims Motion.  Plaintiffs' conduct is simply unacceptable – it is Plaintiffs' (and not the Court's) burden to show *specifically* in the record which materials preclude summary judgment.  *Burnette v. Dresser Indus., Inc.*, 849 F.2d 1277, 1284 (10th Cir. 1988).

Furthermore, Plaintiffs have not adduced any competent evidence to support their conspiracy cause of action.  *See supra* III. A. 1, III. A. 2, III. A. 3.

Even assuming, *arguendo,* that the statements contained in the witness declarations were admissible, Plaintiffs have not adduced any evidence that Employee Defendants engineered a conspiracy to have Ragasa terminated or falsely arrested.  In order to establish their claim of conspiracy, Plaintiffs must show that the Employee Defendants agreed amongst themselves to act against Plaintiff Ragasa unlawfully.  *Schowengerdt v. U.S.*, 944 F.2d 483, 489 (9th Cir. 1991).  Moreover, they must provide *specific* evidence establishing such facts.  *Id. See also* County Defendants Reply Memorandum in Support of §1983 Claims, filed concurrently herewith.

All the statements which suggest concerted acts by the Employee Defendants are barred on hearsay or speculation.  At most, Plaintiffs have provided

witness declarations that contain statements that Kaden harbored animosity towards Plaintiff Ragasa[6]. No where in the declarations do any of the witnesses ever state that the Employee Defendants "agreed" amongst themselves to have Plaintiff Ragasa terminated or falsely arrested. As Plaintiffs have not presented any specific evidence in support of their conspiracy cause of action, Plaintiffs' conspiracy claim fails.

### 2. Plaintiffs' Negligent and Intentional Infliction Of Emotional Distress Claims Fail.

Plaintiffs' negligent and intentional infliction of emotional distress claims fail. In the first place, Plaintiffs have not opposed Defendants' argument that negligent infliction of emotional distress claims are barred by the workers' compensation exclusivity statute. They merely address (incorrectly) the intentional infliction of emotional distress claim by citing to *Iddings v. Mee-Lee*, 919 P.2d 263 (1996). The *Mee-Lee* case is distinguishable from the facts of the instant case because in the *Mee-Lee* case, the plaintiff brought a negligence action, not an emotional distress cause of action. *See Mee-Lee*, 82 Hawai'i at 1, 919 P.2d at 263. Moreover, the *Mee-Lee* court held that there were genuine issues of material fact regarding whether the defendant engaged in willful and wanton misconduct. *Id*. The *Wangler v. Hawaiian Elec. Co., Inc.*, 742 F. Supp. 1465 (D. Hawai'i 1990)

---

[6] It should be noted that all statements referring to Ragasa's termination constitute inadmissible hearsay evidence.

11

case which found that the exclusivity provision of Hawai'i's workers' compensation statute barred employee's claims against employer for ***intentional and negligent infliction of emotional distress*** where the genesis of her complaint was that her claims were employment related, controls here.

Here, Plaintiffs failed to adduce competent evidence that County Defendants engaged in any intentional, willful or wanton misconduct.  *See supra* Sections III. A. 1, III. A. 2, III. A. 3.  Ragasa's arrest was lawful and Plaintiffs have failed to adduce evidence showing otherwise.

### 3. Plaintiffs Have No Basis To Claim Entitlement To Punitive Damages.

In their Opposition Memorandum, Plaintiffs ignore Hawai'i law by arguing that the *Masaki v. Gen. Motors Corp.*, 71 Haw. 1, 780 P.2d 566 (1989) case is inapplicable.  It is undisputed that *Masaki* sets forth the "clear and convincing" standard of proof necessary to recover for punitive damages.  71 Haw. at 16-17, 780 P.2d at 575.  In the present instance, Plaintiffs simply have not adduced any evidence, much less clear and convincing evidence that County Defendants engaged in any willful misconduct.

Since Plaintiffs have adduced no evidence to oppose County Defendants' Conspiracy Claims Motion with respect to this claim, Plaintiffs have no basis to claim entitlement to an award of punitive damages.

### C. Plaintiffs' Respondeat Superior Claim Fails.

Plaintiffs have not adduced any evidence that the County or KFD knew of any alleged wrongful acts or that they condoned a conspiracy to engineer Plaintiff Ragasa's arrest and termination. Plaintiffs rely on nothing more than their own speculation and that of others to support their claims.

It appears that the crux of Plaintiffs' argument is that the County and KFD are liable merely because (1) they employed Employee Defendants and (2) because they were allegedly aware that Employee Defendants engaged in "other wrongful acts."[7] This argument fails for a variety of reasons.

As an initial matter, Plaintiffs have not cited to any applicable case law in support of their position that County Defendants are vicariously liable under these circumstances[8].

Moreover, there is no competent evidence that the County or KFD were made aware that Employee Defendants engaged in the "other wrongful acts." *See* I *supra* III. A. 2. In fact, evidence that the County and KFD possessed such knowledge is contrary to Plaintiff Ragasa's admission at deposition that he had no

---

[7] It should be noted that the term "other wrongful acts" refers to the alleged crimes of illegal conversion of County resources and money laundering. The term does not include the alleged conspiracy to terminate and/or falsely arrest Plaintiff Ragasa.

[8] The law is clear that in Hawai'i, courts rely upon the RESTATEMENT (SECOND) OF AGENCY § 228 (1958) in determining whether an employee's conduct falls within the scope of employment. *See* Conspiracy Claims Motion at pp. 18-22.

13

knowledge of what the County Defendants and KFD Defendants knew. *See* Conspiracy Claims Motion, pp. 11-12, and attached as Ex. 3, Ragasa Depo., Vol. I, 152:15-153:7; 155:1-7.

However, even assuming that the County and KFD possessed knowledge that Employee Defendants committed these "other wrongful acts," Plaintiffs have not shown how this translates into evidence that the County and KFD condoned the alleged conspiracy to terminate Ragasa.

Based on these reasons and the reasons stated in County Defendants' Conspiracy Claims Motion, Plaintiffs' respondeat superior cause of action fails.

## IV.  CONCLUSION

For all the foregoing reasons, DEFENDANTS COUNTY OF KAUAʻI, KAUAʻI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN and SIDNEY KINI respectfully request that the Court grant them summary judgment as to Plaintiffs' claims for Conspiracy, Respondeat Superior, Negligent Infliction of Emotion Distress, Intentional Infliction of Emotional Distress and Punitive Damages.

DATED: Honolulu, Hawaiʻi, January 13, 2006.

/s/ Corlis J. Chang
CORLIS J. CHANG
BARBARA A. PETRUS
EDMUND K. SAFFERY
KIMBERLY J. KOIDE
*Attorneys for Defendants* COUNTY OF KAUAʻI, KAUAʻI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN AND SIDNEY KINI

14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARL RAGASA AND KANANI RAGASA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN, SIDNEY KINI, AND ETHAN SAGE,<br><br>Defendants. | CV. NO. 03-00540 BMK<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been duly served upon the following in the manner indicated and on the date of filing.

1110775.1

| Name(s) | U.S. Mail Postage Prepaid | Hand Delivery | CM/ECF |
|---|---|---|---|
| Mark R. Zenger, Esq.<br>Donna E. Richards, Esq.<br>RICHARDS & ZENGER<br>3016 Umi Street, Suites 204 & 211B<br>Lihue, Kauai, HI 96766<br><br>Attorneys for Plaintiffs | ☒ | ☐ | ☐ |
| Darwin L. D. Ching, Esq.<br>ASB Tower, Suite 1008<br>1001 Bishop Street<br>Honolulu, HI 96813<br><br>Attorney for Defendant<br>ETHAN SAGE | ☒ | ☐ | ☐ |

DATED: Honolulu, Hawai'i, January 13, 2006.

/s/ Corlis J. Chang
CORLIS J. CHANG
BARBARA A. PETRUS
EDMUND K. SAFFERY
KIMBERLY J. KOIDE
*Attorneys for Defendants* COUNTY OF KAUA'I, KAUA'I FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN AND SIDNEY KINI