GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

CORLIS J. CHANG                     3539-0
  CCHANG@GOODSILL.COM
BARBARA A. PETRUS                   3238-0
  BPETRUS@GOODSILL.COM
EDMUND K. SAFFERY                   5860-0
  ESAFFERY@GOODSILL.COM
KIMBERLY J. KOIDE                   8256-0
  KKOIDE@GOODSILL.COM
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawai'i  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendants
COUNTY OF KAUA'I, KAUA'I FIRE
DEPARTMENT, DAVID SPROAT, ROBERT
KADEN AND SIDNEY KINI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARL RAGASA AND KANANI RAGASA,<br><br>             Plaintiffs,<br><br>     vs.<br><br>COUNTY OF KAUAI, KAUAI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN, SIDNEY KINI, AND ETHAN SAGE,<br><br>             Defendants. | CV. NO. 03-00540 BMK<br><br>DEFENDANTS COUNTY OF KAUA'I, KAUA'I FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN AND SIDNEY KINI'S **REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON COUNTS VII-IX** OF PLAINTIFFS CARL RAGASA AND KANANI RAGASA'S COMPLAINT FILED ON OCTOBER 3, 2003 (**FALSE IMPRISONMENT, DEFAMATION AND MALICIOUS PROSECUTION**), FILED 9/2/05; DECLARATION OF |

1110785.1

CORLIS J. CHANG; EXHIBITS 1-4;
CERTIFICATE OF SERVICE

**HEARING:** January 24, 2006
**TIME:** 10:00 a.m.
**HON. BARRY M. KURREN**

**TRIAL DATE:  April 18, 2006**

DEFENDANTS COUNTY OF KAUAʻI, KAUAʻI FIRE DEPARTMENT,
DAVID SPROAT, ROBERT KADEN AND SIDNEY KINI'S
**REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT ON COUNTS VII-IX** OF PLAINTIFFS CARL
RAGASA AND KANANI RAGASA'S COMPLAINT FILED ON
OCTOBER 3, 2003 (**FALSE IMPRISONMENT, DEFAMATION AND
MALICIOUS PROSECUTION**), FILED 9/2/05

DEFENDANTS COUNTY OF KAUAʻI, ("County") KAUAʻI FIRE

DEPARTMENT ("KFD"), DAVID SPROAT ("Sproat"), ROBERT KADEN

("Kaden") AND SIDNEY KINI ("Kini") (Sproat, Kaden and Kini collectively

referred to as "Employee Defendants"), (County, KFD and Employee Defendants

collectively referred to herein as "County Defendants"), by and through their

counsel, Goodsill Anderson Quinn & Stifel, a Limited Liability Law Partnership

LLP, hereby submit their Reply Memorandum in Support of County Defendants'

Motion for Summary Judgment on Counts VII-IX of Plaintiffs Carl Ragasa and

Kanani Ragasa's Complaint filed on October 3, 2003 (False Imprisonment,

Defamation and Malicious Prosecution), filed on September 2, 2005.  (Motion

hereafter referred to as "Arrest Claims Motion").

DATED: Honolulu, Hawai'i, January 13, 2006.

/s/ Corlis J. Chang
CORLIS J. CHANG
BARBARA A. PETRUS
EDMUND K. SAFFERY
KIMBERLY J. KOIDE

Attorneys for Defendants
COUNTY OF KAUA'I, KAUA'I FIRE
DEPARTMENT, DAVID SPROAT, ROBERT
KADEN AND SIDNEY KINI

**MEMORANDUM**

## I.    INTRODUCTION

In response to the Arrest Claims Motion, Plaintiffs filed a

Memorandum in Opposition and separate Concise Statement of Facts that relied

upon inadmissible Declarations and conclusory arguments.  Because Plaintiffs

have failed to adduce any evidence showing that there is genuine issue of material

fact as to the claims of False Imprisonment, Defamation and Malicious

Prosecution, County Defendants are entitled to summary judgment on these claims.

## II.    BACKGROUND

Plaintiffs have alleged that Carl Ragasa was arrested as a retaliatory

measure by the County Defendants so that he would not disclose illegal acts

allegedly committed by Employee Defendants to the authorities.  According to

Plaintiffs, the fear of disclosure caused them to engage in a conspiracy to have him

arrested.  *See* Memorandum in Support of Arrest Claims Motion, pp. 3-4.[1]

As pointed out in County Defendants' Memorandum, Ragasa has no

factual basis to support his allegations that his arrest was engineered as a

retaliatory measure due to fear of disclosure.  (Ex. 3 to Arrest Claims Motion,

---

[1] Rather than unduly repeat the allegations here, Defendants respectfully
refer this Court back to its Arrest Claims Motion.

1110785.1

Ragasa Depo., Vol. I, 183:1-185:17; 186:2-187:4, 16-20.)[2]

Plaintiffs' burden herein was to present competent, admissible evidence which would establish a material issue of fact as to the validity of his arrest.  The Opposition offers none.  Instead, Plaintiffs have submitted Declarations of individuals whose "testimony" consists primarily of hearsay statements and unsubstantiated conclusory opinions.  More importantly, they are inadmissible as they do not meet the mandatory requirements of Federal Rule of Civil Procedure 56(e) which requires that:

> Supporting and opposing affidavits ***shall be made on personal knowledge, shall*** *set forth such facts that would be admissible in evidence, and **shall** show affirmatively that the affiant is competent to testify to the matters stated therein.*  (Emphasis added).

Without competent evidence to support their allegations, Plaintiffs claims fail.

## III.   ARGUMENT

### A.   Plaintiffs Offered No Competent Evidence In Opposition To County Defendants' Motion.

#### 1.   Plaintiffs' Declarations do not meet the Mandatory Requirements of Federal Rule of Civil Procedure 56(e).

Every single declaration submitted by Plaintiffs' selected declarants states "I declare under penalty of perjury that the foregoing is true and correct ***to***

---

[2] Ragasa was questioned in detail about each of the allegations set forth against the Employee Defendants  (Complaint ¶¶17-19) which he claims the County and KFD should have known and done something about (Complaint ¶¶37-39.)  Rather than repeat the factual recitations and citations, County Defendants respectfully refer the Court to pp. 10-14 of the Arrest Claims Motion.

***the best of my knowledge and belief***." *See* Declarations in Opposition.  (Emphasis added).  Plaintiffs' declarations do not comply with Rule 56(e) as the statements contained therein are not based on personal knowledge, but on "belief."  This is not a mere technicality.

In interpreting Fed. R. Civ. Proc. 56(e), the U. S. Supreme Court has held that affidavits ***must*** be based on personal knowledge, devoid of hearsay, conclusory language and statements which purport to examine thoughts as well as actions.  *Automatic Radio Mfg. Co. v. Hazeltine Research Inc.*, 339 U.S. 827, 831 (1950) (wherein the Court disregarded the averment in plaintiff's opposition where the affidavit was made upon "information and belief"); *See Carey v. Beans*, 500 F. Supp. 580 (E.D. Penn. 1980) (paragraphs stricken where they contained statements not based on personal knowledge); *see also Searer v. West Mich. Telecasters*, *Inc.*, 381 F. Supp. 634 (W.D. Mich. 1974) (summary judgment granted where plaintiff's affidavits were made "on information and belief").

The Ninth Circuit has affirmed that statements made "upon information and belief" or those made upon an "understanding" are properly subject to a motion to strike and are insufficient to create a genuine issue of fact for summary judgment purposes.  *Cermetke, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir. 1978).

In *Cermetek*, the Ninth Circuit Court of Appeals affirmed the district

3

court's grant of summary judgment holding that the plaintiff introduced no

admissible evidence to defeat the defendant's motion since the affidavit plaintiff

relied upon contained statements prefaced with "I understand" and "I believe." *Id.*

at 573 F.2d at 1376.

Likewise, in the *Searer* case, the court recognized that statements

contained in plaintiff's affidavit made "on information and belief" comprised

nearly all of the crucial points made by the plaintiff in opposing defendant's

motion, and therefore such statements were not competent to discharge plaintiff's

burden imposed by Rule 56(e).  Consequently, the Court granted the defense

motion for summary judgment.  *Searer* at 381 F. Supp. at 643.

Because all of Plaintiffs' Declarations are made upon "belief," and not

personal knowledge, pursuant to the foregoing authorities, they must be stricken in

their entirety.  Consequently, Plaintiffs' Opposition has no support.

> **2.      The Declarations, which present Inadmissible Hearsay or
> Conclusory Allegations and Lack of Credibility, cannot
> defeat County Defendants' Motion.**

Even if this Court were to consider these defective Declarations, the

substance of the individual Declarations themselves demonstrate their inherent

unrealiability.

Rule 56(e) requires that the information contained in the declarations

be <u>admissible</u> at trial and that the declarant is <u>competent</u> to testify to those facts.

With respect to the specific incidents involving Ragasa, Kini and Sage in March 20-22, 2002 and the reporting of the subsequent arrest, Plaintiffs relied upon the Declarations of Norman Hunter, Gerald Hurd, Mark McKamey and Carl Ragasa.

Each of these declarations contains deficiencies which render them inadmissible to support Plaintiffs' contentions. For example, Paragraphs 8-10 of the Declaration of Norman Hunter which assert he heard Kaden state he was going to get Ragasa fired, that Kaden and Sage discussed setting up Ragasa, and that he heard Kaden tell Sage he would be fired if he did not "do what he wanted" are simply inadmissible hearsay statements. So too are Sage's purported statements to Hunter as to what the Employee Defendants told him to do.

With respect to Gerald Hurd, his Declaration suffers from lack of reliability and credibility. In the first place, Hurd's Declaration contains detailed statements concerning his witnessing of events *which he did not report to the police* when this matter was being investigated prior to Ragasa being charged. *See* Supplemental Police Report, pp. 10-11, attached as Exhibit 1 to the Declaration of Corlis J. Chang, hereinafter "Chang Declaration." Hurd *makes no statements whatsoever* regarding observing the confrontation between Ragasa, Sage and Kini.

While clearly designed to support Carl Ragasa's Declaration at ¶¶96-101 wherein Ragasa denies raising his voice or using profanity during the confrontation of March 22, 2002, Hurd's Declaration (¶21), ultimately conflicts with

Ragasa's admissions in his deposition that he raised his voice, used profanity and challenged Kini and Sage to "call the cops." (Ragasa Depo. Vol. II, pp. 354, 355, 366, excerpts from Carl Ragasa's Deposition are attached hereto as Exhibit 2 to the Chang Declaration).

McKamey's Declaration at ¶14 that Ragasa did not raise his voice on March 20, 2002 likewise conflicts with Ragasa's admissions and is therefore simply not credible in this regard. (Ragasa Depo., Vol. I, 250:20-251:3, Exhibit 3 to the Chang Declaration).

Ragasa's own Declaration, which consists primarily of everything he "heard" from Declarants Chung, Emura, Hookano, Hunter, Hurd, McKamey, Stine and Wolcott, is simply a recitation of hearsay upon hearsay, and must be disregarded.

**3.     Plaintiff cannot create a dispute of fact with his own Declaration.**

Moreover, Ragasa's Declaration is also deficient insofar as he attempts to create issues of fact in conflict with his prior deposition testimony. Carl Ragasa was deposed for four days[3] and questioned exhaustively on each and every claim made in his Complaint. Despite this fact, Plaintiffs have failed to refer to his deposition testimony, opting instead to submit a 44-page self-serving

---

[3] By agreement of the parties, Carl Ragasa was deposed beyond the 7 hour limit in order to ascertain his full testimony as to his numerous allegations.

Declaration, consisting of 138 paragraphs offering hearsay, speculation, conclusory statements, unsupported allegations and opinions, none of which meets the requirements of Rule 56(e).

The Court should disregard Ragasa's Declaration insofar that it contradicts his prior deposition testimony in material ways. The law is clear that a non-moving party may not create an issue of fact for summary judgment purposes by means of an affidavit contradicting that party's prior deposition testimony. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1138 n.6 (9th Cir. 2000), citing *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

With respect to the instant Motion, there are critical contradictions concerning Ragasa's arrest. In his Declaration, Ragasa attempted to created the impression that the confrontation which occurred between himself, Sage and Kini on March 22, 2002 consisted merely of his calling Sage "diaper boy" and asking Kini about why he brought Sage there. (¶86). He further asserts at ¶101:

> At no time on March 22, 2002 did I ever raise my voice, swear at, or say any threatening words toward KINI or SAGE in any way. WSO Hurd was with me the whole time.

As pointed out previously, this is directly contradicted by his own testimony (Ragasa Depo. Vol. II, pp 354, 355, 366, Ex. 2 to Chang Declaration).

Furthermore, at deposition while he testified that Defendant Sage told Ragasa he was coerced into giving a false statement, Ragasa admitted that

7

Defendant Sage <u>did not specify</u> in what way he was coerced.  (Ragasa Depo., Vol.

III, pp. 543:1-20, attached as Exhibit 4 to the Chang Declaration).  In contrast, his

Declaration contains a specific series of statements concerning the events which

allegedly transpired at the Kauai Police Deparment.  Ragasa Dec. ¶111.  These

selective omissions and additions of fact created in his Declaration cannot supplant

Ragasa's deposition testimony to create an issue of fact.

> **B.      Because Probable Cause Existed to Arrest Ragasa, his False Imprisonment, Defamation and Malicious Prosecution Claims fail.**

In addition to the aforementioned Declarations, Plaintiffs have relied

primarily on statements made by Ethan Sage (*See* Opp. Exh. E, F, G, H) to

establish there was no criminal conduct on Ragasa's part during their

confrontation.  To accept Plaintiffs' assertion would require ignoring the objective

evidence establishing that the incident occurred, the manner in which it occurred,

and the fact that Sage has sworn deposition testimony explaining that he was not

coerced by Employee Defendants to make any false statements (*See* Ex. 7 to Arrest

Claims Motion and p. 9).

Furthermore, none of the "evidence" presented by Plaintiffs can

controvert the fact that the Kaua'i prosecutor found probable cause to bring a

criminal complaint against Ragasa.  Because there was probable cause, all Arrest

Claims fail.

### 1.    The Supplemental Police Report establishes the Incident.

The Supplemental Police Report concerning the Ragasa incident made

the following findings:

> Investigation further reveals that upon arrival of KINI,
> RAGASA was very upset *and started **yelling** at him,* "I told you
> not to come here!  Get out of here!"   RAGASA also walked to
> SAGE and yelled at him, "Get the f*** out of here!"  To both of
> them RAGASA further yelled, "Let's go, now!"
>
> Evidence shows that after RAGASA made these statements, he
> did not act upon it, but instead removed himself from the scene
> and walked into the storeroom to get away.  KINI followed him
> into the storeroom and told RAGASA that his actions were out
> of line.  RAGASA then asked KINI "you wanna go, let's go."
> "You wanna call the cops?  Go ahead call the cops."

Supplemental Police Report at p. 14, Ex. 1 to Chang Declaration.  (emphasis
added).

### 2.    Kini's Report and Testimony Consistently set forth the threatening events which transpired.

While Plaintiffs have asserted that Ragasa was coerced into making

false statements, there is absolutely no evidence that Kini was coerced to do the

same.  In fact, Ragasa has admitted that he has no information that Kini was forced

to make statements against him.  (Ragasa Depo., Vol. II, 375:21-25, Ex. 2. to

Chang Declaration).  Kini has been totally consistent in his assertions concerning

the threatening conduct of Ragasa.

Plaintiffs' assertions that Kini was part of the conspiracy to engineer

his ultimate termination are unsupported as they are based on hearsay statements

9

and conclusory allegations of Declarants. *See* III. A. 1, 2 and 3 *supra*. There is no

competent evidence which suggests that Kini was a part of any effort to have

Ragasa wrongfully arrested. (*See also,* County Defendants Reply to Memorandum

in Support of Their Motion for Summary Judgment on Counts III-VI, filed

concurrently herewith.)

### 3. Testimony of Michael Soong establishes Probable Cause.

After a lengthy investigation by the police, a report was prepared and

ultimately submitted to the Prosecutor's office. (*See* Ex. 1 to Chang Declaration).

The case was set for prosecution, then dismissed after an exchange of emails

between County Prosecutor Michael Soong and Carl Ragasa's father-in-law

questioning the decision of the deputy prosecutor to pursue the case.[4]

Michael Soong was the County Prosecutor for Kauaʻi at the time Carl

Ragasa's criminal case was charged. (Deposition of Michael Soong, hereinafter

"Soong Depo.," 4:25-5:3;6:4-9; the Soong Depo has been attached as Exhibit "I"

to Plaintiffs' Opposition papers). Mr. Soong dismissed the case against Ragasa

because he felt that the dispute was more of an internal matter that should be

handled within the fire department. *Id.* at 6:10-7:24. He was *not* finding that there

was no probable cause. *Id.* In fact, he testified there was sufficient evidence to

support a prima facie case against Ragasa:

---

[4] This issue is discussed in the Arrest Claims Memo at pp. 24-25.

Q.   And for the lay person, so that we can understand your testimony, you're not saying that there was no basis for the charges against Mr. Ragasa, but just that there would be probably a better forum internally within the fire department to resolve the issue, is that what your statement is?

A.   Yes, yes.  At some point, I did read the report…I don't recall if Detective Sheldon's report was part of what I referred to at the time.  It could have been, if it was there, then I would have.  ***But on paper, there is a prima facia [sic] case, because there are statements by a couple individuals, I believe, that threatening words and conduct came from Mr. Ragasa.***

Q.   Okay.  And could you define "prima facia"[sic], what you mean by that?

A.   ***In reviewing the case, there is evidence that satisfies all of the elements of the offense that we would be screening for.***

*Id.* at 7:25-8:19 (Emphasis added).

As *Matthews v. Blue Cross & Blue Shield of Mich.,* 572 N.W.2d 603, 613 (Mich. 1988) makes clear, a prosecutor's exercise of his independent discretion in initiating and maintaining a prosecution is ***a complete defense*** to an action for malicious prosecution.[5]

Carl Ragasa was charged with criminal harassment based not simply on Defendant Kini and Sage's statements to the police, but *after consideration* of the statements made by numerous witnesses, including Norman Hunter, Gerald Hurd, Mark McKamey, and Clayton Wolcott, all of whom have submitted Declarations in Opposition to the instant Motion.  It should further be noted that

---

[5] The full argument is set forth in the Arrest Claims Memo pp. 15-18.

11

the Supplemental Police Report opined there was insufficient evidence to charge.[6]

*The prosecutor, notwithstanding, made an independent decision to charge Ragasa with a crime.*

The existence of probable cause defeats Plaintiffs claims. *Lopez v. Wigwam Dep't Stores, Inc.*, 49 Haw. 416, 422, 421 P.2d 289, 293 (1966). (Hawaiʻi law is clear that no false imprisonment claim can be sustained where probable cause exists). *See also House v. Ane*, 56 Haw. 383, 390-391, 538 P.2d 320, 325-26 (1975). Plaintiffs cite no law to the contrary.

The False Imprisonment Claim fails not only because probable cause existed, but because Plaintiffs have failed to point to specific facts which establish the unlawfulness of the arrest. The Supplemental Police Report establishes the facts and circumstances surrounding the event which comports fully with Kini's account. The arrest was lawful and Plaintiffs have failed to adduce evidence showing otherwise. *See* Arrest Claims Motion, pp. 18-19.

The Defamation Claim fails because Ragasa has failed to establish essential elements of his claim for defamation. Plaintiffs have failed to point to evidence demonstrating that Kini and Sage's statements to the police did not constitute a *privileged* publication to a third party. Moreover, Plaintiffs have presented no evidence that notwithstanding the arrest, that his reputation has been

---

[6] The investigating detective who conducted the interviews and made the report was Sam Sheldon, partner of Marvin Rivera, Carl Ragasa's father-in-law.

damaged or that people have been deterred from associating with him. *See* Arrest

Claims Motion, Ex. 3. Ragasa Depo., Vol. 1, 215:5-217:24, 240:8-241:1.

Finally, the Malicious Prosecution Claim fails not only because

probable cause existed, but because Plaintiffs have not established by competent

evidence that Employee Defendants had actual malice toward them. Particularly,

Plaintiffs have failed to establish any evidence of malice by Kini toward Ragasa

which would have caused him to accuse Ragasa falsely. *See* Arrest Claims

Motion, pp. 24-27.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants COUNTY OF KAUA'I,

KAUA'I FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN and

SIDNEY KINI respectfully request that their Motion for Summary Judgment as to

Counts VII-IX be granted.

DATED: Honolulu, Hawai'i, January 13, 2006.

/s/ Corlis J. Chang
CORLIS J. CHANG
BARBARA A. PETRUS
EDMUND K. SAFFERY
KIMBERLY J. KOIDE

Attorneys for Defendants
COUNTY OF KAUA'I, KAUA'I FIRE
DEPARTMENT, DAVID SPROAT, ROBERT
KADEN AND SIDNEY KINI

13

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARL RAGASA AND KANANI RAGASA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN, SIDNEY KINI, AND ETHAN SAGE,<br><br>Defendants. | CV. NO. 03-00540 BMK<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has

been duly served upon the following in the manner indicated below and on the date

of filing.

1110785.1

| NAME(S) | U.S. MAIL POSTAGE PREPAID | HAND DELIVERY | CM/ECF |
|---|---|---|---|
| Mark R. Zenger, Esq.<br>Donna E. Richards, Esq.<br>RICHARDS & ZENGER<br>3016 Umi Street, Suites 204 & 211B<br>Lihue, Kauai, HI 96766<br><br>Attorneys for Plaintiffs | ☒ | ☐ | ☐ |
| Darwin L. D. Ching, Esq.<br>ASB Tower, Suite 1008<br>1001 Bishop Street<br>Honolulu, HI  96813<br><br>Attorney for Defendant<br>ETHAN SAGE | ☒ | ☐ | ☐ |

DATED: Honolulu, Hawaiʻi, January 13, 2006.

/s/ Corlis J. Chang
_____
CORLIS J. CHANG
BARBARA A. PETRUS
EDMUND K. SAFFERY
KIMBERLY J. KOIDE

Attorneys for Defendants
COUNTY OF KAUAʻI, KAUAʻI FIRE
DEPARTMENT, DAVID SPROAT, ROBERT
KADEN AND SIDNEY KINI

2