IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
CARL RAGASA AND KANANI       )  CIVIL NO. 03-00540 BMK
RAGASA,                      )
                             )  ORDER REQUESTING
          Plaintiffs,        )  ADDITIONAL BRIEFING
                             )
   vs.                       )
                             )
COUNTY OF KAUAI, KAUAI FIRE  )
DEPARTMENT, DAVID SPROAT,    )
ROBERT KADEN, SIDNEY KINI,   )
AND ETHAN SAGE,              )
                             )
          Defendants.        )
                             )
_____)
```

ORDER REQUESTING ADDITIONAL BRIEFING

Defendants County of Kauai, Kauai Fire Department, David Sproat, Robert Kaden, and Sidney Kini have filed three (3) motions for summary judgment seeking dismissal of Counts I-IX of Plaintiffs Carl Ragasa and Kanani Ragasa's ("Plaintiffs") Complaint. The matter came on for hearing on January 24, 2006. Attorney Mark Zenger and Attorney Donna E. Richards appeared on behalf of Plaintiffs; Attorney Corlis Chang

and Attorney Gregory Jackson, Jr. appeared on behalf of Defendants County of Kauai, Kauai Fire Department, David Sproat, Robert Kaden, and Sidney Kini; Attorney Darwin L.D. Ching appeared on behalf of Defendant Ethan Sage.

At the hearing, Plaintiffs argued that Plaintiff Carl Ragasa ("Ragasa") was retaliated against for exercising his First Amendment free speech rights. This claim, however, is not clearly articulated in Plaintiffs' Complaint nor was it fully briefed by either of the parties in their memoranda submitted to the Court.

In Coszalter v. City of Salem, 320 F.3d 968 (9th Cir. 2003), the Ninth Circuit held that "[i]n order to state a claim against a government employer for violation of the First Amendment, an employee must show (1) that he or she engaged in protected speech; (2) that the employer took 'adverse employment action'; and (3) that his or her speech was a 'substantial or motivating' factor for the adverse employment action." Id. at 973 (citations omitted). The Ninth Circuit

clarified that an adverse employment action is an action "'reasonably likely to deter employees from engaging in protected activity.'"  <u>Id.</u> at 976-77 (citation omitted).

In light of the aforementioned standards, the Court requests further briefing from the parties addressing the following: (1) whether a 42 U.S.C. § 1983 claim based on First Amendment retaliation has been stated in this case; and (2) if so, in light of <u>Coszalter</u>, what specific facts and evidence have been introduced to support or refute this claim.  Additionally, the Court directs the parties to include specific page and/or line references to any material facts referred to in their memoranda and exhibits that would support or refute a First Amendment retaliation claim.  General references to evidence, declarations, or exhibits will not be considered by the Court.  The parties are directed to submit briefing on this issue to the Court by February 8, 2006.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, January 25, 2006.



```
                              _____
                              Barry M. Kurren
                              United States Magistrate Judge
```

CIVIL NO. 03-00540 BMK.  <u>CARL RAGASA AND KANANI RAGASA v. COUNTY OF KAUAI, KAUAI FIRE DEPARTMENT, DAVID SPROAT, ROBERT KADEN, SIDNEY KINI AND ETHAN SAGE</u>; ORDER REQUESTING ADDITIONAL BRIEFING